**Carole POPE, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 30A01–0512–CR–580.

Court of Appeals of Indiana.

Aug. 31, 2006.

---

David P. Murphy, David P. Murphy & Associates Greenfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Carole Pope appeals from the trial court's order revoking her home detention and its denial of her motion to set aside the results of a drug screen. We reverse.

### Issues

We restate the issues as follows:

I. Whether Pope waived her due process rights; and

II. Whether the due process errors were harmless.

### Facts and Procedural History

On December 18, 2003, Pope entered into a plea agreement. Pursuant to the agreement, she pled guilty to being a habitual traffic offender, a class D felony, and received a sentence of one and a half years with one year suspended to probation. A probation violation report was filed on May 24, 2005. On September 1, 2005, Pope agreed to admit to the probation violation and was sentenced to home detention for 180 days. Part of the agreement was that Hancock County Community Corrections would be able to return her to jail without going through the court if it

determined that she had violated any of its rules. The trial court verified that Pope understood this aspect of the agreement.

On October 10, 2005, Pope gave a urine sample, which tested positive for cannabinoids. Pope was arrested on October 14 by a Community Corrections officer and taken to the Hancock County Jail, where she was held without bond. On October 17, she appeared before the trial court in the custody of the Hancock County Sheriff. Pope indicated that she had not been told why she had been arrested and was appearing in court. She did not have an attorney representing her. At the hearing, the trial court reminded her that she had agreed that Community Corrections could place her in jail if she committed a violation. The trial court did not allow her to speak in her behalf, but told her that if she wanted to challenge the findings of Community Corrections, she would have to get an attorney and file a motion with the court. The court issued an order committing her to the Hancock County Jail.

On October 20, 2005, attorney David Murphy filed two motions on Pope's behalf. One was entitled "verified motion for independent drug testing and for transportation order." In this motion, Pope sought permission to obtain an independent drug screen at Spiceland Pike Medical Center and offered to pay for it. The second motion was a motion to correct error, which challenged the procedure used by the trial court in revoking her home detention and sentencing her to jail. The trial court did not rule on either motion, and the motion to correct error was deemed denied pursuant to Indiana Trial Rule 53.3(A). Nevertheless, Pope managed to arrange for Hancock Memorial Hospital to conduct a drug screen on October 28. Pope tested negative for ten controlled substances, including cannabinoids.

On November 3, 2005, Pope's attorney also filed a motion to set aside the results of the October 10 drug test. A hearing on this motion was held on November 29 and continued on December 7. Pope testified that the normal procedures for collecting urine samples had not been followed on October 10 and called into question the adequacy of the officers' training in these procedures. Theresa Irwin, the field officer who had collected Pope's sample on October 10, testified that the procedures had been followed. The positive drug screen from October 10 and the negative drug screen from October 28 were both admitted into evidence. On December 16, the trial court denied Pope's motion to set aside the results of the drug testing.

## Discussion and Decision

### I. Due Process

Pope asserts that the trial court was without authority to delegate to Community Corrections the power to revoke her in-home detention. However, we do not need to decide that issue because we conclude that Pope did not waive her due process rights when she entered into the agreement. When the State seeks to revoke a defendant's placement in a Community Corrections program, the defendant is "not entitled to the full due process rights afforded a defendant in a criminal proceeding." *Parker v. State,* 676 N.E.2d 1083, 1085 (Ind.Ct.App.1997). Nevertheless, the defendant is entitled to certain "minimum requirements of due process," including:

(a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body ...; and (f) a written statement by the factfinders as to the

evidence relied on and reasons for revoking [probation].

*Id.* (quoting *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)) (alterations in *Morrissey* ).

■ Although Pope agreed that the decision to revoke home detention would be made by Community Corrections rather than the trial court, there is no indication that she intended thereby to waive all of her due process rights. Even if the trial court subjectively understood her to be waiving her due process rights, it did not advise her that she would be giving up any rights by agreeing to give Community Corrections the authority to revoke her home detention. Therefore, we conclude that even if Community Corrections was the proper decision-making authority, it was required to give her notice and a hearing. However, Pope was arrested and brought before the court without being informed why. The trial court ratified Community Corrections' decision without letting her speak in her own behalf or view the test results that were the basis for revoking her home detention. She was not given a hearing at which she could present evidence or cross-examine witnesses until November 29, 2005, more than a month after she had been arrested. It is clear that the minimum requirements of due process were not met in this case.

### II. Error Was Not Harmless

■ The State asserts that although the procedures followed in this case were "unorthodox," any resulting due process error was harmless. Appellee's Br. at 9. A federal constitutional error is harmless if it is clear beyond a reasonable doubt that it did not affect the judgment. *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *McCorker v. State,* 797 N.E.2d 257, 266 (Ind.2003). The State argues that because a hearing was eventually held, which included evidence of an independent drug screen, and the judgment was against Pope, the due process errors were harmless. However, this argument ignores the fact that Pope was impeded in her defense. Pope sought an independent drug test promptly after being informed of the allegations against her. However, because she received no notice of these allegations and was summarily returned to jail, Pope was unable to get an independent drug screen until several weeks later. Obviously, the delay reduced the probative value of the drug screen, since the fact finder could conclude that the drugs had passed from her system naturally by the time the independent drug screen was conducted. Under these circumstances, we cannot say that the error was harmless beyond a reasonable doubt. Therefore, we reverse the trial court's order committing Pope to Hancock County Jail and its order denying Pope's motion to set aside the results of the drug test.

Reversed.

KIRSCH, C.J., and BAILEY, J., concur.