**Robert L. GOSHA, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0912–CR–1210.

Court of Appeals of Indiana.

July 30, 2010.

Anthony C. Lawrence, Anderson, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Joby D. Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Robert L. Gosha appeals the trial court's denial of his motion to correct error. Gosha presents a single issue for our review, namely, whether he was denied the right to due process when his participation in a Drug Court Program was terminated without the court first affording him notice of a hearing and the right to present evidence and cross-examine witnesses at that hearing. The State concedes that Gosha was denied his right to due process and requests that we remand for a new hearing.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

On November 20, 2007, Gosha pleaded guilty to Operating a Motor Vehicle While Privileges are Forfeited for Life, a Class C felony. The trial court sentenced Gosha to eight years with four years suspended to probation. On June 9, 2009, Gosha admitted to violations of the terms of his probation at a hearing. The trial court imposed the following sanctions:

> Four (4) years of the previously suspended sentence is revoked and ordered executed at the Indiana Department of Correction. Defendant is referred to Drug Court and the Court orders sanctions imposed in this cause stayed pending successful completion of Drug Court. If defendant is removed from the Drug Court Program for any reason, the balance of the executed sentence is automatically transferred to the Indiana Department of Correction. Defendant to report to Drug Court on 6–10–09 at 3:00 p.m.

> Defendant shall return to Probation, with all original terms to remain in full force and effect. The following condition is added to the Defendant's probation requirements: Defendant shall successfully complete Drug Court....

Appellant's App. at 12.

On July 2, Gosha was admitted to the Drug Court Program. After Gosha was allegedly found with cocaine residue and drug paraphernalia in his home, the Drug Court held a hearing, without notice and without any evidence presented, terminated Gosha's participation in the Drug Court Program, and referred the case to the trial court of original conviction. Gosha requested an evidentiary hearing on the termination of his participation in the Program, which the trial court denied. And Gosha filed a motion to correct error, which the trial court also denied. This appeal ensued.

### DISCUSSION AND DECISION

Gosha contends that he did not receive minimum due process during the hearing that resulted in the termination of his participation in the Drug Court Program. In particular, he maintains that he should have received written notice of the allegations against him and an opportunity to confront and cross-examine witnesses. We must agree.

The State points out that "Indiana has not established clear due process requirements for drug court terminations." Brief of Appellee at 7. Accordingly, both the State and Gosha urge us to adopt the same due process requirements afforded defendants in probation revocation proceedings. We find support for that argument in this court's opinion in *Hopper v. State*, 546 N.E.2d 106 (Ind.Ct.App.1989), *trans. denied.*

In *Hopper*, the defendant pleaded guilty to a charge of burglary in exchange for a

five-year sentence, which sentence was held in abeyance and the defendant was placed in a treatment program for substance abuse under the supervision of the Department of Mental Health pursuant to Indiana Code Section 16–13–6.1–16 (now Section 12–23–6–1). The defendant did not complete the treatment program and, following a hearing, the trial court terminated his participation in it. On appeal, this court observed that the statute governing the treatment program gave the Department of Mental Health exclusive authority to determine whether a defendant's participation should be terminated, which may be subject to arbitrary exercise or abuse. *Id.* at 108. Thus, we held that

> [b]ecause a defendant may suffer the loss of his liberty by having judgment entered and by being subsequently sentenced upon termination of treatment under the statutory scheme, the placing of the absolute control of that determination in the discretion of the [D]epartment of [M]ental [H]ealth requires certain minimal due process protection. Thus, we hold that an individual placed under drug treatment supervision has a protected liberty interest such that he or she must be accorded procedural due process before the court may terminate the treatment and resume criminal proceedings.

Having determined that Hopper was entitled to due process prior to the termination of his treatment program, we must next determine what procedures are required to provide due process. *We agree with Hopper's suggestion that his status under treatment is akin to a defendant's situation on probation or parole.* In *Morrissey*[ *v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ], the United States Supreme Court prescribed the minimum requirements to be met in parole revocation proceedings. Specifically, the Supreme

Court stated that the minimal standards for due process require the opportunity for a hearing before the trial court determines whether the defendant has violated a condition of parole. Additionally, the Supreme Court stated that a defendant shall be afforded written notice of claimed parole violations, disclosure of evidence, the opportunity to be heard, the right to confront and cross-examine witnesses, a neutral and detached hearing body, and a written statement describing the evidence relied upon for the action taken. Likewise, the Supreme Court has held these procedural safeguards apply to probation revocation proceedings as well. *Gagnon*[ *v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ]. The purpose of these procedures is to insure that the determination by the department of mental health that a defendant cannot be further treated is not arbitrary but rests upon some reasonable basis. *See Meachum*[ *v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) ].

*Id.* at 109 (emphasis added).

Under Indiana Code Section 12–23–14.5–15(d), a participant in a Drug Court Program can be terminated if the Drug Court determines, after a hearing, that the person violated a condition established by the Drug Court or that the period of time that the conditions established by the Drug Court were in effect expired before the person successfully completed each condition established by the Drug Court. Thus, following *Hopper,* Gosha has a protected liberty interest such that he must be accorded procedural due process before the court may terminate his participation in the Drug Court Program and reinstate his original sentence. The due process rights afforded a defendant in probation revocation proceedings, and which we now require for defendants participating in a Drug Court Program, are described as follows:

written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and a neutral and detached hearing body....

*Cox v. State,* 706 N.E.2d 547, 549 (Ind. 1999).

Here, the Drug Court held a hearing on July 22, 2009, after cocaine residue and drug paraphernalia were allegedly found at Gosha's home during a home visit. The State concedes that Gosha was not given notice of the hearing at which the Drug Court committee[1] presented its recommendation that Gosha's participation be terminated. Gosha was represented by counsel during the hearing, but no evidence was presented.

We agree with Gosha and the State that Gosha was denied his right to due process. We remand to the Drug Court[2] with instructions to conduct an evidentiary hearing, with written notice to Gosha of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and to present evidence, and the right to confront and cross-examine witnesses.[3]

Reversed and remanded with instructions.

VAIDIK, and BROWN, JJ., concur.

---

1. Indiana Code Section 12–23–14.5–14 provides in relevant part that the drug court committee shall include the drug court judge, the local prosecuting attorney, and a local criminal defense attorney.

2. We agree with the State that the Drug Court, not the trial court, shall conduct the hearing. However, to the extent that Gosha's participation in the Drug Court program was a condition of his probation, any violation of probation and sanctions hearing shall be conducted by the trial court.

3. We agree with the State that a defendant may waive his right to procedural due process, but we find that the evidence does not show that Gosha knowingly waived that right here.