**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jan 11 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

SHANDALEIGHA M. THARP,          )
                                )
    Appellant-Defendant,        )
                                )
        vs.                     )          No. 48A05-1105-CR-292
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.         )

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Thomas Newman, Jr., Judge
Cause Nos. 48D03-1108-FC-371, 48D03-1003-FC-118,
48D03-1008-FD-372 and 48D03-1008-FB-358

**January 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Shandaleigha Tharp appeals her sentence following her convictions for burglary, as a Class B felony; two counts of forgery, Class C felonies; fraud on a financial institution, a Class C felony; receiving stolen property, as a Class C felony; and two counts of theft, as Class D felonies; pursuant to a guilty plea. Tharp presents two issues for our review:

1. Whether she was denied her right to due process when she was terminated from the Drug Court program without a hearing.

2. Whether her sentence is inappropriate in light of the nature of the offenses and her character.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On September 13, 2010, Tharp pleaded guilty as charged in cause numbers 48D03-1108-FC-371 ("FC-371"), 48D03-1003-FC-118 ("FC-118"), 48D03-1008-FD-372 ("FD-372"), and 48D03-1008-FB-358 ("FB-358"). In FC-371, the State charged Tharp with forgery and receiving stolen property after she had used a credit card she and her brother had found lying on the ground. In FC-118, the State charged Tharp with forgery and fraud on a financial institution after she cashed two checks she had stolen from a relative suffering from Alzheimer's. In FD-372, the State charged Tharp with theft after she stole $240 and a credit card from a neighbor. And in FB-358, the State charged Tharp with burglary and theft after she and her brother broke into Rhonda Mullins' apartment and stole money, jewelry, and electronics. Each of these crimes occurred over the course of a seven-month period from January 4 to August 3, 2010.

2

In the plea agreement, which the trial court accepted, the State agreed that Tharp's sentence

> shall be deferred and the Defendant evaluated for placement in the Madison County Drug Court program. If the Defendant successfully completes Drug Court, the sentence will be open to the Court but the Defendant shall receive a suspended sentence. If the Defendant is referred back to the Court without graduating from Drug Court, the sentence shall be open to the Court.

Appellant's App. at 132. Upon entering the Drug Court program, on September 22, 2010, Tharp signed an Agreement whereby she expressly acknowledged that she had a minimum of twelve months and a maximum of thirty-six months to complete the program. Tharp "absconded" from the Drug Court program on December 22, and her participation was terminated without notice or a hearing. Id. at 6.

At sentencing, Tharp admitted that she did not complete the Drug Court program "[b]ecause it just got too hard[.]" Transcript at 18. And she acknowledged that because of her failure to complete the program, the trial court had discretion to sentence her. At the conclusion of the hearing, the trial court sentenced Tharp as follows: five years for forgery, a Class C felony, and three years for receiving stolen property, as a Class C felony, to run concurrently (FC-371); five years for forgery, a Class C felony, and five years for fraud on a financial institution, to run concurrently (FC-118); two years for theft, as a Class D felony (FD-372); and fifteen years for burglary, as a Class B felony, and two years for theft, as a Class D felony, to run concurrently (FB-358). Finally, the trial court ordered that the sentences in each cause would run consecutively, for an aggregate term of twenty-seven years, all executed. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One:  Due Process

Tharp first contends that she was denied her right to due process when her participation in the Drug Court program was terminated without any notice or a hearing. For support, she cites this court's opinion in Gosha v. State, 931 N.E.2d 432 (Ind. Ct. App. 2010).  In Gosha, we held that a participant in a Drug Court program is entitled to due process, including an evidentiary hearing, with written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and to present evidence, and the right to confront and cross-examine witnesses. Id. at 435.  And, following Gosha, our legislature has codified these rights in Indiana Code Section 33-23-16-14.5.

But it is well settled that a federal constitutional error is harmless if it is clear beyond a reasonable doubt that it did not affect the judgment.  Pope v. State, 853 N.E.2d 970, 973 (Ind. Ct. App. 2006).  In Pope, we held that the defendant was entitled to notice of an alleged violation and a hearing before her termination from a Community Corrections program.  And we further held that the denial of those requirements of due process was not harmless error.  The State had alleged that the defendant had violated the terms of the program when she failed a drug screen and that any violation of her due process rights was harmless because a hearing was eventually held.  But we observed that "Pope was impeded in her defense" in that she "sought an independent drug test promptly after being informed of the allegations against her." Id. at 973.  However,

> because she received no notice of these allegations and was summarily returned to jail, Pope was unable to get an independent drug screen until

4

several weeks later. Obviously, the delay reduced the probative value of the drug screen, since the fact finder could conclude that the drugs had passed from her system naturally by the time the independent drug screen was conducted. Under these circumstances, we cannot say that the error was harmless beyond a reasonable doubt.

Id.

In contrast to the defendant in Pope, Tharp does not make any argument that she would have presented evidence or asserted any defense to the allegation that she absconded from the Drug Court program in violation of her agreement. And Tharp does not deny that her conduct warranted her removal from the program. At the sentencing hearing, Tharp admitted that she absconded from the Drug Court program. She offered no excuse, but stated that it was "too hard." Transcript at 18. Indeed, Tharp's testimony indicated no desire to resume participation in the Drug Court program.

While she was clearly entitled to notice of the violation and an evidentiary hearing, Tharp makes no argument that reversing and remanding for such a hearing would be beneficial to her in any way, other than to delay her sentencing. Tharp declared that she absconded from the Drug Court program because "it just got too hard and I couldn't mentally do it, let alone physically do it." Id. Tharp went further to explain that it "got even harder" when "[they] started making me talk about my life[.]" Id. Rather than asking the court that she be readmitted to the program, Tharp stated that she understood that she would be sentenced and merely asked the sentencing court to order "house arrest or something." Id. at 20. We hold that it is clear beyond a reasonable doubt that the denial of Tharp's right to an evidentiary hearing and the other elements of due process did not affect the trial court's determination that she violated the terms of the

Drug Court program when she abandoned it, that her participation in the program should be terminated, and that she should be sentenced. In sum, because the outcome would not have been any different, the error was harmless.

**Issue Two: Sentence**

Tharp next contends that her sentence is inappropriate in light of the nature of the offenses and her character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize [ ] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that her sentence is inappropriate in light of the nature of her offenses and her character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

The Indiana Supreme Court more recently stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the

6

circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Here, each of the crimes committed by Tharp was non-violent. There is no indication that Tharp was armed during any of the crimes, and she did not threaten the use of violence against any of the victims. Indiana Code Section 35-38-1-7.1 provides in relevant part that the trial court may consider as mitigating the fact that the offense neither caused nor threatened serious harm to persons or property. We hold that the nature of the offenses does not support the imposition of the twenty-seven-year aggregate sentence.

Next, we consider Tharp's character. She was twenty-one and twenty-two years old at the time of the offenses, and she had no criminal history. While she was out on bond for the offenses in FC-118 at the time she committed the other offenses, which is an aggravating circumstance, her lack of criminal history is significant.[1] Tharp has admitted to serious drug abuse, and she was unable to complete the Drug Court program. But she accepted responsibility for her crimes when she pleaded guilty as charged in September

---

[1] The presentence investigation report shows that Tharp was charged with a curfew violation and battery as a juvenile, but that those charges were dismissed. Tharp was also charged with three minor traffic violations as an adult, but those charges were dismissed as well.

2010, a short time after the State filed informations in three of the four cause numbers.[2] We conclude that the nature of Tharp's character does not support her sentence.

It is well established that the fact of multiple victims or crimes—and here, there were both—constitutes a valid aggravating factor that a trial court may consider in imposing consecutive sentences. O'Connell v. State, 742 N.E.2d 943, 952 (Ind. 2001). That rule is especially strong when, as here, the defendant committed separate crimes against separate victims. Id. But we conclude that the lack of violence or threatened violence by Tharp, coupled with her lack of criminal history and a prompt guilty plea, are mitigators that offset the aggravators and warrant a revision of her sentence. See, e.g., Kemp v. State, 887 N.E.2d 102, 106 (Ind. Ct. App. 2008) (revising sentence from an aggregate thirty-two year sentence to an aggregate sentence of sixteen years for multiple counts of forgery and theft), trans. denied.

The Probation Department recommended that the trial court impose a total aggregate sentence of nineteen and a half years, with fourteen and a half years executed and five years suspended to probation. The Probation Department arrived at that sentence by recommending the imposition of concurrent, advisory sentences for each offense, with the sentences for each separate cause to run consecutively.[3] We hold that that sentence is appropriate in light of the nature of the offenses and Tharp's character. We hereby vacate Tharp's aggregate twenty-seven-year sentence and impose sentence as follows: in FC-118, four years on each count, to run concurrently; in FC-371, four years

---

[2] The State filed those informations in August 2010.

[3] FC-118: four years on each count, concurrent; FC-371: four years on the C felony, eighteen months on the D felony, concurrent, and consecutive to FC-118; FD-372: eighteen months, consecutive to FC-371; FB-358: ten years, with five years executed on the B felony, eighteen months on the D felony, concurrent, and consecutive to FD-372.

on the C felony and eighteen months on the D felony, to run concurrently, but consecutive to the sentence in FC-118; in FD-372, eighteen months, consecutive to the sentence in FC-371; in FB-358, ten years, with five years executed on the B felony and eighteen months on the D felony, to run concurrently, and consecutive to FD-372. Thus, the aggregate sentence is nineteen and a half years, with fourteen and a half years executed and five years suspended.

Affirmed in part, reversed in part, and remanded with instructions.

ROBB, C.J., concurs.

VAIDIK, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

SHANDALEIGHA M. THARP,     )
     )
    Appellant,     )
     )
    vs.     )     No. 48A05-1105-CR-292
     )
STATE OF INDIANA,     )
     )
    Appellee.     )
     )

**VAIDIK, Judge, dissenting.**

I respectfully dissent from the majority's decision that the constitutional error is harmless in this case. I agree with my colleagues that *Gosha* controls and that there are certain due process rights that every individual in the Drug Court program is afforded. However, I do not agree that the denial of these due process rights, particularly the denial of the right to an evidentiary hearing at which the State must prove the allegations, amounts to harmless error.

In *Gosha*, this Court determined that the due process rights for an individual in a Drug Court program were the same as those for an individual on probation: "'written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and a neutral and detached hearing body . . . .'" *Gosha v. State*, 931 N.E.2d 432, 435 (Ind. Ct.

App. 2010) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)).  Since *Gosha*, the legislature has enacted Indiana Code section 33-23-16-14.5, which articulates the specific due process rights afforded to individuals accused of violating a condition of a problem-solving court program.  Fundamental among these rights are the right to be heard, to confront and cross-examine witnesses, and to have the State prove the violations by a preponderance of the evidence.

Due process for probation also requires a two-step process before probation revocation can occur: (1) determination of whether a violation has occurred by a preponderance of the evidence and (2) determination of the appropriate sanctions.  *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006).  Following the holding in *Gosha*, Tharp should also be afforded the due process rights of this two-step process.  However, in this case, the first step in the process never took place; there was no evidentiary hearing at which the State was required to prove that Tharp violated the conditions of her Drug Court program by a preponderance of the evidence.  The only hearing that Tharp was afforded was one to determine what the appropriate sanctions were in this case, in direct violation of her due process rights.

Of course, just as a person who pleads guilty to the underlying crime can voluntarily waive her right to a trial, so too can an individual accused of violating a term of her Drug Court program waive her right to an evidentiary hearing.  However, Tharp neither voluntarily waived her right to a hearing, nor had a hearing on the merits of the allegations.  She never was advised of her rights nor did she admit to the charges.  While it is true that Tharp admitted to absconding from the Drug Court program, she did so at

11

what the trial court designated as a sentencing hearing. Put differently, at the time she admitted to the violations, her guilt was fait accompli.

Tharp was denied her fundamental right to be heard and present evidence on the alleged violations and to have the State prove the allegations by a preponderance of the evidence. I am not prepared to say that denying an individual the fundamental right of an evidentiary hearing amounts to harmless error. Admittedly the evidence was overwhelming that Tharp had violated the conditions of her Drug Court program, but the evidence primarily came from her as she threw herself on the mercy of the court at sentencing. Even if that were not the case, she has a right to a hearing to determine her guilt before sentencing takes place.

Although certain irregularities in due process rights may be harmless, *see Pope v. State*, 853 N.E.2d 970, 973 (Ind. Ct. App. 2006),[4] I cannot say absent a voluntary waiver of a right to an evidentiary hearing that not having that hearing can ever be harmless error. For this reason I respectfully dissent and would vacate Tharp's sentence and remand to the Drug Court for further proceedings.

---

[4] Notably, *Pope* did have a trial to determine her guilt prior to sentencing.